Fisher v. Worcester Ins.                    CV-97-95-SD    06/30/97

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Holly Fisher

            v.                              Civil No. 97-95-SD

Worcester Insurance Company;
Harleysville Insurance Companies


**O R D E R**


     Plaintiff Holly Fisher moves the court to prohibit what she
perceives to be an unlawful "cancellation" of a homeowner's
insurance policy.  Document 8.  Defendant Worcester Insurance
Company (Worcester) objects.  Document 10.


1.  Background

     This litigation concerns plaintiff's claim that Worcester
has failed to provide proper insurance coverage for damages to
plaintiff's residence apparently caused by oil leakage
contamination.  Worcester has made certain payments under its
policy, but has declined coverage to make further payments as
claimed by the plaintiff.

     The policy at issue provides coverage for the period
August 16, 1996, to August 16, 1997.[1]  On or about June 2, 1997,

_____

     [1]See Plaintiff's Complaint ¶ 6.

plaintiff received a notice of "nonrenewal" as of the date of expiration of said policy on the ground of certain previous losses sustained under the policy. Plaintiff's Exhibit B.[2] It is this document which plaintiff seeks to have the court construe as a "cancellation."

## 2. Discussion

In New Hampshire, the "cancellation, refusal to write and refusal to renew" of homeowners' policies is governed by provisions of New Hampshire Revised Statutes Annotated (RSA) 417-B. The statute prohibits such action on certain discriminatory grounds, which are not here applicable, RSA 417-B:2,[3] and permits cancellation on certain other grounds, which are again not here applicable, RSA 417-B:3.[4]

---

[2]The form set forth as Plaintiff's Exhibit B, attached to the motion, is entitled "Notice of Cancellation, Nonrenewal, Constructive Nonrenewal or Declination of Insurance (New Hampshire)." Its statement of reasons for the action taken is set forth in the "Nonrenewal" portion of such form.

[3]The provisions of RSA 417-B:2 concerning discrimination include age, residence, race, color, creed, national origin, ancestry, marital status, or lawful occupation, including military service, or refusal because another insurer has refused to write or has canceled or has refused to renew an existing policy in which the applicant was the named insured.

[4]RSA 417-B:3 limits the reasons for cancellation to nonpayment of premiums; conviction of the insured of a crime having as one of its necessary elements an act increasing any hazard insured against; discovery of fraud or material

However, the statute does not forbid refusal to renew policies, provided that the notice of nonrenewal meets the requirements of timeliness and specificity set forth in the statute. RSA 417-B:4. Examination of the circumstances currently before the court satisfies the court that Worcester has complied with the statute as to such nonrenewal, and that it has at no time sought to "cancel" a policy within the meaning of RSA 417-B.

## 3. Conclusion

For the reasons hereinabove set forth, the court finds and rules that the motion to prohibit cancellation must be and it is herewith denied.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

June 30, 1997

cc:   Finis E. Williams, Esq.
      Melinda S. Gehris, Esq.

---

misrepresentation by the named insured in pursuing a policy claim; discovery of grossly negligent acts or omissions by the insured substantially increasing any of the hazards insured against; physical changes in the insured property which result in the property's becoming uninsurable; and specific request of the insured.

3